Anthony L. Lanza, Bar No. 156703
Brodie H. Smith, Bar No. 221877
LANZA & SMITH
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
Facsimile (949) 221-0027

Attorneys for Plaintiff L3 TECHNOLOGIES, LLC.

# UNIITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L3 TECHNOLOGIES, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> L3 COMMUNICATIONS CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO: <br><br> **COMPLAINT FOR:** <br><br> 1.  **Violations of the Lanham Act;** <br><br> 2.  **Trademark Infringement; and** <br><br> 3.  **Violation of Unfair Competition Law** <br><br> [JURY TRIAL DEMANDED] |

Plaintiff L3 Technologies, LLC, a Delaware limited liability company, by and through its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1.     This action arises under the Lanham Trademark Act, 15 U.S.C. §§1051 et seq. (the "Lanham Act").  Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1221 and 28 U.S.C. §§1338(a), (b).  This Court has supplemental jurisdiction over Plaintiff's pendent state law claims

1  pursuant to 28 U.S.C. §1367, in that the state law claims are integrally interrelated with
2  Plaintiff's federal claims and arise from a common nucleus of operative facts;
3  administering Plaintiff's state law claims with its federal claims promotes judicial
4  economy.

5      2.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400
6  because a substantial part of the events or omissions giving rise to the claims occurred
7  in this District, because Defendants are subject to personal jurisdiction in this District,
8  and because Plaintiff's principal place of business is in this District.

9                                    **PARTIES**

10     3.    L3 Technologies, LLC ("Plaintiff") is a Delaware limited liability
11  company with its principal place of business in Orange County, California.

12     4.    L3 Communications Corporation ("Defendant") is a Delaware corporation
13  with its principal place of business in New York, New York. Defendant maintains
14  approximately 15 offices/divisions in the state of California, including within the
15  Central District of California at Simi Valley, Torrance, Goleta, Sylmar, and two in
16  Anaheim, California.

17     5.    Doe Defendants 1-10 are sued herein under fictitious names because their
18  true names and capacities are unknown at this time. This Complaint will be amended
19  when their true names and capacities are ascertained.

20     6.    Upon information and belief, the Doe defendants will be present in and
21  about the Central District of California in connection with the claims asserted below,
22  and are, or will be, subject to this Court's jurisdiction.

23     7.    Defendants, and each of them, are individuals and business entities who,
24  upon information and belief, are acting in concert and active participation with each
25  other in committing the wrongful acts alleged herein.

26     8.    Defendant L3 Communications Corporation and Does 1-10 are hereinafter
27  referenced collectively as "Defendants."

28  / / /

## BACKGROUND OF THE ACTION

9.     Plaintiff is engaged in selling, licensing, and leasing software (the "Product") for use by other businesses for general internet applications, including search technology, which in turn assists internet consumers who obtain results through various internet searches.  The software is utilized by companies such as 360 Local, I Global Technologies, and eGumball, Inc.  The Product embodies Plaintiff's names and trademarks.

10.     The name "L3 TECHNOLOGIES" (the "Trademark") is Plaintiff's tradename used in connection with offering its Product.  Plaintiff has used this mark in connection with its offering of the Product for approximately four years.  Plaintiff secured its trade name of L3 Technologies, LLC under file number 5270821 with the Delaware Department of State, Division of Corporations.

11.     Plaintiff's Members formed Plaintiff as a Delaware limited liability company under the trade name L3 Technologies on or about January 7, 2013.  At or about the same time, Plaintiff began offering the Product under the Trademark nationwide.

12.     On April 18, 2014, Plaintiff registered L3 Technologies, LLC, as a foreign business entity with the California Secretary of State, entity number 201411210056.  Plaintiff's principal place of business is in Orange County, California.

13.     Plaintiff's customers are loyal, and the Trademark has become a recognizable name among certain consumers in the internet applications market, such as enhancement of internet search technology.  As a result of the foregoing, the Trademark has developed and now possesses secondary and distinctive meaning to Product purchasers bearing the L3 Technologies trademark.  Plaintiff annually realizes substantial income from offering its Product bearing the Trademark.

14.     On November 17, 2016, Plaintiff filed an application with the United States Patent and Trademark Office to obtain a registered trademark for the name L3 TECHNOLOGIES, which Plaintiff has used in commerce for nearly four years.  The

application's Serial Number is 87240906.

## DEFENDANTS' UNLAWFUL CONDUCT

15.     Defendant L3 Communications Corporation is a defense contractor specializing in the design and manufacture of, inter alia, information technology.  It designs, manufactures, and builds communication technology, instrumentation, and computer devices, including both hardware and software.  On information and belief, Defendant intends to sell and distribute products bearing unauthorized Trademarks belonging to Plaintiff (the "Unauthorized Products") to its existing customers and to prospective customers.

16.     Within the preceding 12 months, on information and belief, Defendant L3 Communications attempted to incorporate under the trade name of "L3 Technologies" by filing an application to incorporate a Delaware corporation under the name L3 Technologies, Inc., intending to "change its legal name in Delaware to L3 Technologies."  The Delaware Department of State, Division of Corporations, refused to grant Defendant's application because Plaintiff already owned an LLC under the Trademark.

17.     At the time of Defendant's rejection by the Delaware Department of State, Plaintiff had not yet sold any products in commerce under the name "L3 Technologies."  Nevertheless, rather than select a new name or abandon plans to use the infringing name, Defendant L3 Communications proceeded with plans for the unauthorized and infringing use of the Trademark, in violation of Plaintiff's rights.

18.     On September 29, 2016, Defendant caused a letter to be sent to Plaintiff, by and through Defendant's attorney, offering to purchase the Trademark.  The letter stated in part: "My client is considering using the name L3 TECHNOLOGIES, INC. for its company.  To avoid any potential conflict with your registration in Delaware of 'L3 TECHNOLOGIES, LLC,' my client is willing to pay $10,000 in exchange for your company's agreement to cancel or change your registration for this name and otherwise

1  cease using it (or any similar name) in connection with your business."  Plaintiff
2  declined the offer.

3      19.    Over the following weeks, Defendant launched further unsuccessful
4  attempts to secure the voluntary transfer of the Trademark.  Plaintiff rejected these
5  efforts because, among other reasons, Plaintiff had already invested substantial time
6  and capital in brand-building and brand-identity creation under the name L3
7  Technologies.

8      20.    On October 13, 2016, Defendant caused another letter to be sent to
9  Plaintiff, this time offering $20,000 for the non-exclusive use of the Trademark. This
10  offer was again declined.

11      21.    Despite Plaintiff's rejection of Defendant's offers, Defendant
12  surreptitiously filed an application for trademark registration of the name L3
13  Technologies on October 14, 2016, knowing that Plaintiff claimed ownership of the
14  name and used the name in commerce nationwide (trademark Application Serial
15  Number 87203505.)  Defendant did not notify Plaintiff of this application, and
16  continued, over the next month, to try to secure voluntary transfer of the Trademark
17  while secretly pursuing a trademark application that conflicts with Plaintiff's prior
18  nationwide use of the Trademark.  As of the date of this Complaint, neither party's
19  trademark application has been assigned to an examiner.

20      22.    Defendant's trademark application, which Plaintiff will challenge and
21  defeat at the appropriate time, seeks to register Plaintiff's word mark under categories
22  of goods and services that conflicts with Plaintiff's use of the word mark, further
23  increasing the likelihood of confusion, including IC 009; US 021 023 026 06 038;
24  further described as "…computer software for information mining" and "computer
25  software for use in data collection and transmission…"  Plaintiff has a preexisting use
26  in commerce of the name L3 Technologies in connection with products in the
27  aforementioned categories.  Defendant's trademark application also seeks registration
28  in the goods and services classification IC 042; US 100 101, including "…software

integration, maintenance and user-information services, operation support for software integration…Consultation and technical assistance in the fields of customization of computer hardware and software products; consultation and assistance with computer program management services; computer site management services...Technical support services, namely, troubleshooting in the nature of diagnosing and testing computer hardware and software programs; providing an interactive web site…," all of which intersect with Plaintiff's goods and services.

23.     Defendant's use of, and/or intended use of, the Trademark in connection with products offered in the same or similar classifications as the Product is likely to cause confusion among prospective purchasers.  Defendant's use and/or intended use of the Trademark is not authorized by Plaintiff.  In addition, Defendant seeks to trademark the name L3 Technologies for use on marketing materials, including "Notepads, pens…tote bags, duffel bags,…key chains, coffee mugs, plastic water bottles…[and] clothing for men and women."  This public dissemination of Defendant's infringing use is likely to magnify consumer confusion.

24.     The unauthorized products sold and/or intended to be sold by Defendant are generally of inferior quality. The sale of such products has injured and is likely to injure Plaintiff's reputation, which has developed by virtue of its reputation for quality offerings.

25.     The aforesaid acts by Defendant and others are likely to cause the purchasing public to believe that the sale of such unauthorized products is authorized, sponsored, or approved by Plaintiff, and that such unauthorized products are subject to the same quality control and regulation used by Plaintiff, despite the fact that this is false.

26.     The aforesaid manufacture, distribution, and sale, or intended manufacture, distribution, and sale of products bearing Plaintiff's Trademark constitutes a false designation of the source of origin of such goods and falsely describes and represents such products. The use by Defendant and others of Plaintiff's

1  Trademark also constitutes an attempt to palm off and appropriate to themselves
2  Plaintiff's exclusive rights therein.

3  27.    Upon information and belief, Defendant and others have and will continue
4  to engage in such unauthorized activities in this state and elsewhere in interstate
5  commerce, and are likely to continue such activities indefinitely, thus injuring Plaintiff.

6  28.    Plaintiff has no adequate remedy at law, and will suffer irreparable harm
7  and damage as a result of the aforesaid acts, in an amount presently incalculable.

8

9  **FIRST CLAIM FOR RELIEF**
10  **(Violation of the Lanham Act**
11  **Against All Defendants)**

12  29.    Plaintiff realleges and incorporates by reference each of the foregoing
13  paragraphs as though fully set forth herein.

14  30.    By reason of the foregoing, Plaintiff hereby asserts a claim against
15  Defendant for injunctive and monetary relief pursuant to Section 43(a) of the Lanham
16  Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false
17  descriptions and representations in commerce of Defendant's Unauthorized Products.

18  31.    Defendant has deliberately and willfully attempted to trade on Plaintiff's
19  hard-earned goodwill in its name, marks, and reputation established by Plaintiff in
20  connection with the product, as well as confuse consumers as to the origin and
21  sponsorship of Defendant's goods, and to pass off its products and services in
22  commerce as Plaintiff's.

23  32.    Defendant's unauthorized and tortious conduct has also deprived, and will
24  continue to deprive, Plaintiff of the ability to control the consumer perception of its
25  products and services, placing Plaintiff's valuable reputation and goodwill in
26  Defendant's hands.

27  33.    Defendant's conduct is likely to cause confusion, mistake, or deception as
28  to the affiliation, connection, or association of Defendant's products with Plaintiff's

7
COMPLAINT

1   Product, and as to the origin, sponsorship, or approval of Defendant and its products

2   and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

3        34.    Defendant had direct and full knowledge of Plaintiff's prior use of, and

4   rights in, its Trademark before the acts complained of herein.

5        35.    As a result of Defendant's aforesaid conduct, Plaintiff has suffered

6   commercial damage, as well as the continuing loss of its goodwill and reputation in its

7   Trademark.  This continuing loss of goodwill cannot be properly calculated, and thus

8   constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at

9   law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins

10   Defendant's conduct.

11

12   **SECOND CLAIM FOR RELIEF**

13   **(Infringement of Registered Trademark**

14   **Against All Defendants)**

15        36.    Plaintiff realleges and incorporates by reference each of the foregoing

16   paragraphs as though fully set forth herein.

17        37.    By reason of the foregoing, Plaintiff hereby asserts a claim against

18   Defendant for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with

19   respect to Defendant's infringement of the Trademark.

20        38.    Plaintiff has used its L3 TECHNOLOGIES name and mark in commerce

21   for approximately four years.

22        39.    Defendant had both actual and constructive knowledge of Plaintiff's

23   ownership of, and rights in, its Trademark prior to Defendant's infringement.

24        40.    Defendant adopted and continues to use in commerce Plaintiff's marks,

25   and marks confusingly similar thereto, with full knowledge of Plaintiff's superior

26   rights, and with full knowledge that its infringing use of Plaintiff Trademark was

27   intended to cause confusion, mistake, and/or deception.

28        41.    Defendant offers or intends to offer its goods and services under the

1  infringing marks in the same or overlapping channels of trade as those in which

2  Plaintiff's legitimate goods and services are offered.

3      42.    Defendant's infringing use or intended infringing use of Plaintiff's

4  Trademark has caused confusion, mistake, or deception as to the affiliation, connection,

5  or association of Defendant's products with Plaintiff's Product, in violation of 15

6  U.S.C. § 1114.

7      43.    Defendant's actions constitute knowing, deliberate, and willful

8  infringement of Plaintiff's Trademark.

9      44.    As a result of Defendant's infringement, Plaintiff has suffered substantial

10  damages, as well as the continuing loss of its goodwill and reputation in its mark. This

11  continuing loss of goodwill cannot be properly calculated, and thus constitutes

12  irreparable harm and an injury for which Plaintiff has no adequate remedy at law.

13  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's

14  conduct.

15

16  **THIRD CLAIM FOR RELIEF**

17  **(Violation of Unfair Competition Law**

18  **Against All Defendants)**

19      45.    Plaintiff realleges and incorporates by reference each of the foregoing

20  paragraphs as though fully set forth herein.

21      46.    Defendant's conduct constitutes an unfair and fraudulent business practice

22  and unfair competition, under California Business & Professions Code §§ 17200 *et seq.*

23  Defendant violated the California Business & Professions Code §§ 17200 *et seq*. by

24  violating various California and/or Federal statutes such as the Lanham Act.   As a

25  result of Defendant's acts of unfair competition, including acts that are unlawful,

26  deceptive, and/or otherwise unfair, Defendant has unfairly acquired an advantage in

27  business and has profited in an amount to be proven at trial.

28      47.    Defendant's conduct also constitutes unfair and fraudulent business

1    practices under the common law.  As a result of Defendant's conduct, Plaintiff is

2    entitled to an injunction enjoining Defendant (and all persons acting directly or

3    indirectly in concert with Defendant) from continuing to use the Trademark and from

4    continuing to pursue registration of a trademark to the extent it conflicts with Plaintiff's

5    prior use in commerce of the Trademark.

6

7                                **PRAYER FOR RELIEF**

8          WHEREFORE, Plaintiff, L3 Technologies, LLC seeks relief against Defendant

9    as follows:

10         1.     As to all Claims For Relief, that Defendant, its agents, servants,

11   employees, officers, attorneys, successors and assigns, and all persons acting in concert

12   with them, be enjoined in this and all other judicial districts in the United States,

13   preliminarily during the course of this litigation and permanently from: (1)

14   manufacturing, distributing, selling, offering for sale, holding for sale or advertising

15   any products, merchandise, or goods bearing the Trademark, or any colorable variation

16   or imitation thereof; and (2) representing that any products, merchandise, or goods

17   manufactured, distributed, sold, held for sale or advertised is sponsored or authorized

18   by Plaintiff in this district, or in any other district in which Plaintiff seeks to enforce

19   this Court's injunction order.

20         2.     As to all Claims For Relief, that this Court order the United States

21   Marshal, the local and state police or sheriff, off-duty officers of the same, authorized

22   agents of Plaintiff, and/or any persons acting under their supervision to seize and

23   impound any and all unauthorized products that Defendant attempts to sell, distribute,

24   or hold for sale.

25         3.     As to all Claims for Relief, that this Court adjudicate and confirm the

26   Trademark's legitimacy and legal status.

27         4.     As to all Claims for Relief, that Defendant deliver up for destruction any

28   and all unauthorized merchandise.

5.      As to the First and Second Claims for Relief, that Defendant pay to Plaintiff damages in an amount to be determined.

6.      As to the First and Second Claims for Relief, that Plaintiff be awarded its costs and such other and further relief as the Court deems to be just and proper.

7.      For such other relief as the Court deems reasonable or just.


LANZA & SMITH, PLC


Dated:  November 21, 2016        By:  /s/Brodie H. Smith
                                      Anthony Lanza
                                      Brodie H. Smith
                                      Attorneys for Plaintiff
                                      L3 Technologies, LLC

11
COMPLAINT